IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          )
                                   )
            v.                     )     Criminal No. 05-57
                                   )
MICHAEL MURDOCH,                   )
            Defendant              )

TENTATIVE FINDINGS AND RULINGS
CONCERNING DISPUTED FACTS OR FACTORS

CONTI, District Judge.

Defendant, Michael Murdoch ("defendant"), pled guilty to inducing a minor to engage in

illegal sexual activity, in violation of Title 18, United States Code, Section 2422(b) on June 24,

2005. Pursuant to Local Rule 32.1, counsel for defendant and for the government each had an

opportunity to submit objections to the Presentence Investigation Report ("PIR") and Addendum

thereto prepared by the Probation Office. Neither the government nor the defendant filed any

objections to the PIR.

In light of the United States Supreme Court's holding in United States v. Booker, 125

S.Ct. 738 (2005), the United States Sentencing Guidelines are advisory and no longer mandatory

in the federal courts. The court is directed to sentence criminal defendants in accordance with

the factors set forth in 18 U.S.C. § 3553(a). One of the factors enumerated in section 3553(a)

that the court is required to consider is "the kinds of sentence and the sentencing range

established for under the United States Sentencing Guidelines." 18 U.S.C. § 3553(a)(4). In fact,

the United States Supreme Court stated that "[t]he district courts, while not bound to apply the

Guidelines, must consult those Guidelines and take them into account when sentencing."

Booker, 125 S.Ct. at 767. Accordingly, the court's tentative findings reflect the advisory

Guidelines range for defendant's offense as set forth by the United States Sentencing Guidelines. At the time of sentencing, the court will impose the defendant's sentence in consideration of all of the factors set forth under section 3553(a).

With respect to defendant's advisory Guidelines range, the court tentatively finds as follows:

1.     Defendant's base offense level is 24.  U.S.S.G. § 2G1.3.

2.     Pursuant to U.S.S.G. § 2G1.3(b)(3), if a computer or Internet-access device was used to persuade, entice, or coerce the victim to engage in prohibited sexual conduct, the offense level shall be increased 2 levels.  In this case, defendant met the victim in an Internet chat room and communicated with the victim via the Internet to arrange meetings during which he engaged in sexual contact with the victim.  Accordingly, the 2 level increase is appropriate.

3.     Defendant's adjusted offense level is 26.

4.     Defendant's offense level shall be decreased 2 levels because defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct.  U.S.S.G. § 3E1.1(a).

5.     As the defendant timely notified the authorities of his intention to enter a plea of guilty, pursuant to U.S.S.G. § 3E1.1(b), his offense level shall be reduced by one additional level. Defendant's total offense level, thus, is 23.

6.     Defendant has 0 criminal history points.   According to the sentencing table at U.S.S.G. Chapter 5, Part A, 0 criminal history points establish a criminal history category of I.

7.     Based upon a total offense level of 23 and a criminal history category of I, the guideline range for imprisonment is 46-57 months.  U.S.S.G. Chapter 5, Part A.  However, the statutory range for imprisonment is 60 to 360 months.  18 U.S.C. § 2422(b).  Therefore, the

advisory guideline range for imprisonment is 60 months.  U.S.S.G. § 5G1.1(b).

8.    The advisory guidelines range for supervised release is at least 3 years, but not more than 5 years.  U.S.S.G. § 5D1.2(a)(1).  However, pursuant to U.S.S.G. § 5D1.2(b)(2), the court may impose a life term of supervised release for defendants convicted of sex offenses.

9.    Although pursuant to U.S.S.G. § 5E1.2(c)(3), the fine range is $10,000 to $100,000, defendant shall not be subject to a fine based upon representations that he is in poor financial condition.  U.S.S.G. §§ 5E1.2(d) and (e).

10.    Defendant must pay a special assessment of $100 at Count One. 18 U.S.C. § 3013(a)(2)(A).

11.    Pursuant to 18 U.S.C. § 3663A, restitution is mandatory in this case.  Restitution shall be ordered in accordance with U.S.S.G. § 5E1.1.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Date:    September 21, 2005

cc:    Asst. U.S. Attorney Tina O. Miller
       via FAX at 412-644-4549

       John Knorr, Esq.
       Via FAX at 412-261-1958

       Angelica Banta, U.S. Probation
       via FAX at 412-395-4864